

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*402 East State Street, Room 430*          *609-989-2190*
*Trenton, New Jersey 08608*                 *Fax: 609-989-2275*

February 11, 2025

**VIA ECF**
Hon. Robert Kirsch
United States District Judge
Clarkson S. Fisher Federal Bldg.
   & United States Courthouse
402 East State Street, Rm. 4W
Trenton, NJ 08608

Re:   *United States v. Moshe Silber,* Crim No. 24-446 (RK)

Dear Judge Kirsch:

     Please accept this letter in lieu of a more formal submission in support of the government's motion to revoke defendant MOSHE SILBER's bail, effective February 24, 2025, pursuant to 18 U.S.C. § 3148(b). The Government further seeks a modification of conditions of defendant SILBER's release, pursuant to 18 U.S.C. § 3142(c), which will remain in effect until the revocation of his bail becomes effective on February 24, 2025. The Government has conferred with defendant's counsel and understands that defendant SILBER agrees to self-surrender to his detention on February 24, 2025, and consents to the modification of conditions as described in the attached proposed order. The Government has consulted with Pretrial Services, who has also approved the form of the proposed order.

     Defendant SILBER was arrested on July 9, 2024, in connection with a criminal information charging him with conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 371. On this same day, Defendant SILBER appeared before Your Honor for an initial appearance. Your Honor ordered SILBER released subject to several conditions and entered an Order Setting Conditions of Release (Dkt. No. 8). Among others, the Order Setting Conditions of Release[1] included the condition that "[t]he defendant must not violate any federal, state or local law while on release."

---

[1] On or about December 2, 2024, the Government submitted a motion to the court, by email, seeking to revoke Silber's conditions of release on largely the facts underlying the Allegheny County complaint, but prior to issuance of any

Defendant Silber pled guilty to the Information on July 9, 2024. The defendant awaits sentencing on a date to be determined.

On February 4, 2025 SILBER and other were charged by the Commonwealth of Pennsylvania, Allegheny County District Attorney's Office, with the following crimes: theft by unlawful taking, in violation 18 Pa. C.S. § 3921(a), receiving stolen property, in violation of 18 Pa. C.S. § 3925(a) and 3903(a)(2), dealing in the proceeds of illegal activity, in violation of 18 Pa. C.S. § 5111(a)(1), (a)(2), or (a)(3), conspiracy to commit theft by unlawful taking, in violation of 18 Pa. C.S. § 903(a)(1), causing or risking catastrophe, in violation of 18 Pa. C.S. § 3302(b), theft by failure to make required disposition, in violation of 18 Pa. C.S. § 3927(a), and making a public nuisance, in violation of 18 Pa. C.S. § 6504 (the "Allegheny Charges"). *See* Criminal Complaint and Arrest Warrant. The warrant for SILBER's arrest remains outstanding. As communicated by counsel, defendant SILBER intends to enter a plea of not guilty to the Allegheny Charges and denies same.

Title 18, United States Code, Section 3148 governs the sanctions to be imposed in the event a defendant violates a condition of his pretrial release order. Section 3148(b) provides that a judicial officer shall enter an order of revocation of the previous release order, and shall order detention, if after a hearing, the judicial officer:

> (1) finds that there is— (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release;

and

> (2) finds that—(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

Section 3148(b) further provides that "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of

---

criminal charges. The Government withdrew that motion after the Defendant agreed to the imposition of very strict and specific additional conditions which were entered as a consent order on December 4, 2024.

conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Here, the Government submits that the Court should revoke defendant SILBER's release because the attached criminal complaint establishes, and has already found, probable cause to believe that defendant SILBER has committed an additional crime while on release, giving rise to the rebuttable presumption discussed above, *see* 18 U.S.C. § 3148(b)(1)(A).

In anticipation of this motion to revoke bail, the Government conferred with counsel for defendant, who informed the Government that defendant SILBER's eldest son is prepared to make his Bar Mitzvah on Friday, February 21-22, 2025. The Government recognizes this important milestone for defendant SILBER's family. Accordingly, the Government is agreeable to a self-surrender date of Monday, February 24, 2025. However, the Government submits that in the interim, this Court should impose strict conditions to satisfy the goals of 18 U.S.C. § 3142, specifically that defendant SILBER be subject to home detention with location monitoring as described in the attached proposed Order until the date of his surrender, February 24, 2025. Defendant SILBER has consented to same.

The Government is available at the Court's convenience to address the contents of this application.

Respectfully submitted,

VIKAS KHANNA
Acting United States Attorney

By: s/ Siji Moore
Siji Moore
Trial Attorney

Martha K. Nye
Assistant United States Attorney

cc:   Eric Kanefsky (*via email and ECF*)
      Todd Jones, Pretrial Services (*via email*)